UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Anthony Favors,<br><br>            Plaintiff,<br><br>v.<br><br>Samantha Ensz, Michael Hettig, Erik Lemke, Gary Tollefson, Jessica Neis, Nancy Johnston, and Jan Malcolm in their official and individual capacities,<br><br>            Defendants. | Case No. 20-cv-1378 (SRN/DTS)<br><br>**MEMORANDUM OPINION AND ORDER** |

Joseph Anthony Favors, St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN 56082, Pro Se.

Molly Beckius, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 19] and Plaintiff Joseph Favors' Motion for Leave to Amend the Complaint [Doc. No. 47] and Motion for a Harassment Restraining Order [Doc. No. 50]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Defendants' motion to dismiss, **DENIES** Plaintiff's motion for leave to amend the complaint, and **DENIES** Plaintiff's motion for a harassment restraining order.

1

**I.     BACKGROUND**

Plaintiff Joseph Favors is a civilly committed patient in the Minnesota Sex Offender Program ("MSOP"). In this action under 42 U.S.C. § 1983, Favors has named as defendants several MSOP officials and the Commissioner of the Minnesota Department of Human Services (collectively, "Defendants"). (*See* Am. Compl. [Doc. No. 4] at 1, 4-7.) He alleges that two of his peers, J.G. and H.R., are sexually exploiting another one of his peers, M.R., and that he has reported this alleged exploitation to various MSOP employees on several occasions. (*See id.* at 17-19.) In response to his reports, Favors alleges that MSOP officials have retaliated against him by, *inter alia*, giving him lower scores on evaluations, refusing to increase these scores, terminating his employment through MSOP's "Vocational Work Program," and declining to transfer him to another living unit. (*Id.* at 9, 19-37.)

Favors claims that this conduct constitutes retaliation and deliberate indifference in violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution as well as several Minnesota statutes. (*Id.* at 8-16.) And he seeks several types of money damages—including compensatory and punitive damages, an award of Favors' "cost for care," and attorney's fees—against all Defendants in their official and individual capacities. (*Id.* at 38-39, 46-47.)[1]

---

[1] This action is not Favors' first involving allegations of this nature. Indeed, Favors has filed many other lawsuits in this district alleging retaliation by various MSOP officials based on his filing of grievances regarding this peer. *See Favors v. Stoesz*, No. 21-cv-1381 (JRT/LIB) (D. Minn.); *Favors v. Mike*, No. 21-cv-1179 (NEB/LIB) (D. Minn.); *Favors v. Stoesz*, No. 21-cv-1002 (JRT/HB) (D. Minn.); *Favors v. Tallefson*, No. 21-cv-395 (NEB/DTS) (D. Minn.); *Favors v. Beeson-Stoesz*, No. 20-cv-2510 (PAM/ECW) (D.

In June 2020, Plaintiff commenced this action by filing a Complaint. (*See* Compl. [Doc. No. 1].) In July 2020, he amended his Complaint as of right. (*See* Am. Compl. [Doc. No. 4].) On November 16, 2020, Defendants filed a motion to dismiss [Doc. No. 19], to which Favors declined to file any response. Later, on March 4, 2021, Favors filed a motion for leave to amend the complaint [Doc. No. 47], but he did not file a proposed amended complaint alongside this motion. On March 8, 2021, Favors filed a motion for a harassment restraining order against four other MSOP patients [Doc. No. 50].

## II.   DISCUSSION

### A.   Motion to Dismiss

The Court first addresses Defendants' motion to dismiss. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Favors has not plausibly alleged violations of any federal or state laws, and that Favors' claims against Defendants are barred by Eleventh Amendment immunity and qualified immunity. For the reasons below, Eleventh Amendment immunity and qualified immunity bar Favors' federal law claims, and the Court declines to exercise supplemental jurisdiction over Favors' remaining state law claims.

#### 1.   Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the complaint as true, and views those allegations in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

---

Minn.); *Favors v. Menard*, No. 20-cv-1156 (SRN/DTS) (D. Minn.); *Favors v. Mike*, No. 20-cv-365 (SRN/DTS) (D. Minn.).

However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. Where a motion to dismiss is based on an affirmative defense, such as qualified immunity, the moving party must show that it is entitled to the defense on the face of the complaint. *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016).

Insofar as Defendants invoke sovereign immunity under the Eleventh Amendment, Defendants' motion is properly analyzed under Rule 12(b)(1). *See United States v. Minnesota Transitions Charter Sch.*, 50 F. Supp. 3d 1106, 1111 (D. Minn. 2014) (evaluating motion to dismiss premised on Eleventh Amendment immunity under Rule 12(b)(1) because application of Eleventh Amendment immunity would deprive Court of jurisdiction). Where the defendant argues that the facts alleged in the complaint fail to establish subject-matter jurisdiction—as Defendants' invocation of the Eleventh Amendment asserts here—the plaintiff is afforded similar safeguards as in a Rule 12(b)(6) motion. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Namely, the Court must "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and determine whether the plaintiff's alleged facts "affirmatively and plausibly suggest" that jurisdiction exists. *Stalley v. Catholic Health Initiatives*, 509 F.3d

4

517, 521 (8th Cir. 2007). The Court's review is limited to the face of the pleadings. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015).

Because Favors is proceeding pro se, the Court liberally construes the Amended Complaint. *Kaylor v. Fields*, 661 F.2d 1177, 1182-83 (8th Cir. 1981) ("[P]leadings in civil-rights cases, especially those brought pro se, are to be liberally construed.").

### 2.     Eleventh Amendment Immunity

As noted, Favors filed this lawsuit against Defendants in both their individual and official capacities. Favors argues that Defendants are liable under 42 U.S.C. § 1983 for violating Favors' First, Eighth, and Fourteenth Amendment rights. And he requests various types of money damages, including compensatory and punitive damages, an award of Favors' "cost for care," and attorney's fees.

"The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action." *Hadley v. N. Arkansas Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Congress did not abrogate Eleventh Amendment immunity in § 1983 cases. *Id.* Consequently, "the Eleventh Amendment prohibits recovery of damages under 42 U.S.C. § 1983 against a state officer in his or her official capacity." *Flores v. Moser*, No. 16-CV-1860-ADM-KMM, 2019 WL 2016789, at *4 (D. Minn. Jan. 7, 2019) (adopting report and recommendation) (collecting authorities). There is no indication in the record that the State of Minnesota has waived its Eleventh Amendment immunity in this case. Favors' § 1983 claims for money damages against the Defendants—who are various MSOP officials and the Commissioner of the Minnesota Department of Human Services—

5

in their official capacities are, therefore, barred by the Eleventh Amendment. *See Daywitt v. Minnesota*, No. CIV. 14-4526 MJD/LIB, 2015 WL 4094199, at *10 (D. Minn. July 6, 2015) (adopting report and recommendation) (holding that MSOP officials are state officials entitled to Eleventh Amendment immunity).

Accordingly, the Court grants Defendants' motion to dismiss with respect to Favors' First, Eighth, and Fourteenth Amendment claims brought against Defendants in their official capacities.

### 3. Qualified Immunity

Similarly, the Court finds that Favors' First, Eighth, and Fourteenth Amendment claims against Defendants in their individual capacities are barred by qualified immunity. Qualified immunity protects government officers from § 1983 liability in their individual capacities "unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009). Thus, the Court must perform a two-part analysis to determine if qualified immunity applies: (1) decide whether the facts show the violation of a constitutional or statutory right; and (2) determine whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). The Court may analyze either step first. *Id.* at 236. Qualified immunity "is an immunity from suit rather than a mere defense to liability … [and] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Assuming, without deciding, that the alleged retaliatory acts by MSOP officials violated Favors' constitutional rights, the Court finds that such constitutional rights were not "clearly established" such that "a reasonable person would have known" Defendants' conduct violated Favors' constitutional rights. *Brown*, 574 F.3d at 495. A government official "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014)). Although the law "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 1152 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

Here, Favors alleges that Defendants violated his constitutional rights by subjecting him to additional treatment and terminating his employment through MSOP's "Vocational Work Program" following his reports to MSOP officials alleging the sexual exploitation of M.R., by refusing to increase Favors' treatment scores, and by denying Favors' requests to transfer to a different living unit. (*See* Am. Compl. at 17-37.) Favors has not identified, and the Court has not found, any case law holding that such allegations constitute violations of Favors' constitutional rights—let alone sufficiently definite case law as to put "any reasonable official in the defendant's shoes" on notice. *Kisela*, 138 S. Ct. at 1153.

Accordingly, the Court grants Defendants' motion to dismiss with respect to Favors' First, Eighth, and Fourteenth Amendment claims brought against Defendants in their individual capacities.

### 4. Supplemental Jurisdiction

Having concluded that Favors' federal claims must be dismissed, the Court must determine whether to exercise supplemental jurisdiction over Favors' remaining state law claims. "Pursuant to 28 U.S.C. § 1367(c)(3), a court may 'decline to exercise supplemental jurisdiction over a claim … [if] the district court has dismissed all claims over which it has original jurisdiction.' Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed." *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (quoting 28 U.S.C. § 1367(c)). Because only state law claims remain, the Court declines to exercise supplemental jurisdiction and therefore dismisses the Amended Complaint in its entirety. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### B. Motion for Leave to Amend the Complaint

Next, the Court considers Favors' motion for leave to amend the complaint. Under Rule 15(a), once the period has expired for a plaintiff to amend the complaint as of right, a plaintiff may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a plaintiff does not have an absolute right to amend, and a court may deny such a motion "based upon a finding of undue delay, bad faith, dilatory

motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). A proposed amendment is futile if the court finds "that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

Also, the District of Minnesota's Local Rules require that "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed pleading that shows … how the proposed pleading differs from the operative pleading." D. Minn. L.R. 15.1(b). All litigants—even pro se litigants—are required to follow the applicable procedural rules. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law ….").

Here, Favors contends that the Court should grant him 30 days to file an amended complaint because: (1) the Defendants would suffer no prejudice; and (2) he intends to add dismissed claims from three other, related actions in this district. (Pl.'s Mem. in Supp. of Mot. for Leave to Amend the Compl. [Doc. No. 48] at 3.) In response, Defendants argue that the motion should be denied because Favors failed to file with his motion: (1) a proposed amended complaint; and (2) a version of the proposed pleading that shows how it differs from the operative complaint. (Defs.' Mem. in Opp'n to Pl.'s Mot. for Leave to Amend the Compl. [Doc. No. 57] at 4.) Defendants further argue that they would suffer

undue prejudice if Favors was granted leave to amend because they have already expended resources in moving to dismiss his claims in those three other lawsuits. (*Id.* at 5-6.)

The Court agrees with the Defendants. First, Favors failed to file a proposed amended complaint and a version showing the differences between it and the operative complaint, in violation of the Local Rules. *See* D. Minn. L.R. 15.1(b). When a party seeking leave to amend fails to specify the proposed new allegations, "the district court [is] not required to engage in a guessing game" and may properly deny the motion. *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002); *see O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) (affirming denial of request for leave to amend where plaintiffs failed to submit a proposed amended pleading as required by D. Minn. L.R. 15.1(b)).

In addition, if Favors planned to amend his complaint only to add claims that he brought in certain of the related cases noted above, those amendments would be futile. *See Possis Med., Inc.*, 519 F.3d at 782. Indeed, this Court previously dismissed his similar claims in one of those cases upon the same grounds as here. *See Favors v. Mike*, No. 20-cv-365 (SRN/DTS), 2021 U.S. Dist. LEXIS 12230, at *5-10 (D. Minn. Jan. 22, 2021).

   C. **Motion for a Harassment Restraining Order**

Finally, the Court considers Favors' motion for a harassment restraining order pursuant to Minn. Stat. § 609.748. (*See* Pl.'s Aff. in Supp. of Mot. for Harassment Restraining Order ("Pl.'s Aff.") [Doc. No. 51] at 8-9.) Under Minn. Stat. § 609.748, subd. 5(a), a court may issue a restraining order that: (1) "orders the respondent to cease or avoid the harassment of another person"; and/or (2) "orders the respondent to have no contact

with another person." Minn. Stat. § 609.748, subd. 5(a)(1)-(2). "A restraining order may be issued only against the respondent named in the petition." *Id.* § 609.748, subd. 5(b); *accord* Fed. R. Civ. P. 65(d)(2)(A)-(C) (providing that a restraining order may only bind: (1) the parties; (2) the parties' officers, agents, servants, employees, and attorneys; and/or (3) other persons who are in active concert or participation with anyone described in (1) or (2)).

Here, Favors contends that four other MSOP clients have repeatedly threatened him through "acts, words, and gestures" and, therefore, he requests that this Court issue a harassment restraining order prohibiting them from being in the same housing unit, groups, or activities as Favors, and from being within 30 feet of him for five years. (Pl.'s Aff. at 8-9.) But none of the four MSOP clients against whom Favors seeks a harassment restraining order are respondents in this action. Consequently, the Court cannot issue a harassment restraining order against them.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 19] is **GRANTED**;

2. Plaintiff's Motion for Leave to Amend the Complaint [Doc. No. 47] is **DENIED**;

3. Plaintiff's Motion for a Harassment Restraining Order [Doc. No. 50] is **DENIED**; and

4. In light of the Court's dismissal of this action, Defendants' Motion to Place Filing Restrictions on Plaintiff [Doc. No. 69] is **DENIED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 2, 2021    s/Susan Richard Nelson
                         SUSAN RICHARD NELSON
                         United States District Judge